IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CAROLYN HOLMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-CV-225-JED-PJC |
| ) | |
| (1) SOUTHWESTERN REGIONAL ) | |
| MEDICAL CENTER, INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S COUNTERCLAIM AGAINST PLAINTIFF, CAROLYN HOLMES

Defendant, Southwestern Regional Medical Center ("Defendant"), pursuant to FED. R. CIV. P. 13(e) and by and through its counsel, hereby files its Counterclaim against Carolyn Holmes ("Plaintiff").

1. As with Plaintiff's claim against Defendant, jurisdiction and venue of this Counterclaim are properly with this Court.

2. Defendant's Counterclaim against Plaintiff has only recently matured after the service of Defendant's earlier pleadings, and this Counterclaim is thus timely and proper under FED. R. CIV. P. 13(e).

## OPERATIVE FACTS

3. Since its formation, Defendant has expended significant time and resources developing, implementing and protecting marketing, finance, and operations processes, protocols and practices to provide exceptional patient care and effectively compete in the marketplace. Such

1

unique processes, protocols and practices are protected and proprietary trade secret information belonging to Defendant and are vital to Defendant's success.

4.      Defendant's trade secrets are not known in the industry. Defendant protects its trade secrets by having its employees sign agreements acknowledging Defendant's confidential internal processes and apprising each individual of his or her responsibility to maintain confidentiality. Trade secret information is not widely distributed and is generally known only by those who have participated in the development or use of the processes.

5.      Over the course of her employment with Defendant, Plaintiff entered into a series of agreements regarding her obligation to keep confidential certain information of Defendant, including that certain Statement of Confidentiality executed on December 6, 2005 (the "Statement"), a copy of which is attached hereto as Exhibit 1. Specifically, the Statement acknowledges the following:

> I hereby recognize and agree that if I shall in any manner disclose any confidential information obtained as a result of my employment at SRMC, my employment will be immediately terminated. I further recognize and agree that irreparable injury will result to SRMC, its business, and property, in the event of disclosure of any confidential information obtained as a result of my employment at SRMC, and SRMC shall be entitled to an injunction to restrain me from publishing, broadcasting selling, distributing, releasing, conveying, or otherwise disclosing such confidential and privileged information.

6.      Plaintiff further agreed in the Statement not to disclose confidential information to the news media unless authorized by Defendant.

7.      In spite of her agreement that she would not provide information to media outlets and that she would keep confidential and not disclose any confidential information obtained as a result of her employment with Defendant, Plaintiff wrongfully disclosed confidential and sensitive information related to Defendant's alleged prospect processes, which was published in a news article carried by YAHOO! on or about March 6, 2013.

## COUNT I: BREACH OF CONTRACT

8. Defendant incorporates by reference and re-states the allegations made in paragraphs 1-7 above and further alleges as follows:

9. In disclosing to the media confidential and sensitive information related to Defendant's patients and hospital processes, Plaintiff breached the contracts she entered into with Defendant, wherein she agreed to maintain the confidentiality of information related to patients and hospital activities.

10. As a result of Plaintiff's breaches of contract, Defendant has suffered or will suffer actual damages in an amount to be proven at trial and has suffered irreparable harm for which Defendant has no adequate remedy at law.

WHEREFORE, Defendant requests this Court award it permanent injunctive relief, actual damages, interest, reasonable attorneys' fees and costs, and such other relief as this Court deems just and equitable.

## COUNT II: MISAPPROPRIATION OF TRADE SECRETS

11. Defendant incorporates by reference and re-states the allegations made in paragraphs 1-10 above and further alleges as follows:

12. Plaintiff has wrongfully appropriated, without permission, certain trade secrets and other confidential proprietary information from Defendant and improperly disclosed these trade secrets and confidential proprietary information to the media and the general public.

13. Plaintiff's misappropriation of Defendant's trade secrets and confidential proprietary information was willful and malicious.

14. Plaintiff's conduct has damaged Defendant in an amount to be proven at trial, and caused Defendant irreparable harm for which Defendant has no adequate remedy at law.

WHEREFORE, pursuant to the Uniform Trade Secrets Act (OKLA. STAT. tit. 78, §§ 85-94), Defendant respectfully requests the Court to award it actual damages, in an amount to be proven at trial, exemplary damages, interest, reasonable attorneys' fees and costs and to enter a permanent injunction against Plaintiff as follows:

(a) That Plaintiff be restrained and enjoined from disclosing, releasing, distributing or publishing (directly or indirectly) any of Defendant's confidential information, including patient information and information related to Defendant's selection and insurance verification process;

(b) That Plaintiff be restrained and enjoined from disclosing, releasing, distributing, or transmitting for any purpose, any of the trade secrets or confidential information Plaintiff learned during her employment with Defendant; and

(c) That the Court enter such other orders as it deems necessary and appropriate to enforce the requested injunctive relief, and to protect Defendant from further misappropriation of its trade secrets and confidential information.

## COUNT III. CONVERSION

15. Defendant incorporates by reference and re-states the allegations made in paragraphs 1-14 above and further alleges as follows:

16. Defendant has developed and established personal property interests in various confidential processes, practices and protocols, including its selection and insurance verification processes.

17. Notwithstanding, in revealing parts of Defendant's confidential internal processes to the media and the public at large, Plaintiff intentionally diverted and misused Defendant's personal property for her own personal benefit.

18. Plaintiff's diversion of Defendant's confidential internal processes was inconsistent with Defendant's personal property rights and has resulted in damages to Defendant in an amount to be proven at trial.

WHEREFORE, Defendant requests this Court award it actual damages, in amounts to be proven at trial, exemplary damages, interest, reasonable attorneys' fees and costs and to enter a permanent injunction against Plaintiff as follows:

(a) That Plaintiff be restrained and enjoined from disclosing, releasing, distributing or publishing (directly or indirectly) any of Defendant's confidential information, including patient information and information related to Defendant's selection and insurance verification process;

(b) That Plaintiff be restrained and enjoined from disclosing, releasing, distributing, or transmitting for any purpose, any of the trade secrets or confidential information Plaintiff learned during her employment with Defendant; and

(c) That the Court enter such other orders as it deems necessary and appropriate to enforce the requested injunctive relief, and to protect Defendant from further misappropriation of its trade secrets and confidential information.

Respectfully submitted,

**NEWTON, O'CONNOR, TURNER & KETCHUM,
A PROFESSIONAL CORPORATION**

By:*/s/ W. Kirk Turner*_____
    W. Kirk Turner, OBA #13791
    Rachel B. Crawford, OBA #20662
    2700 Bank of America Center
    Fifteen West Sixth Street
    Tulsa, Oklahoma   74119
    Phone (918) 587-0101
    Fax (918) 587-0102

**ATTORNEYS FOR DEFENDANT,
SOUTHWESTERN REGIONAL MEDICAL
CENTER, INC.**

**CERTIFICATE OF SERVICE**

☒  I hereby certify that on April 25, 2013, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jeff Nix, Esq.
Jeff.nix@morelaw.com

☐  I hereby certify that on _____, I served the foregoing document by mail on the following, who are not registered participants of the ECF System:

(None)

　　　　　　　　　　　　　　　　　　　　　　　*/s/  W.  Kirk  Turner*_____
　　　　　　　　　　　　　　　　　　　　　　　Kirk Turner