IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

CAROLYN HOMES, )
)
      Plaintiff, )
) Case No. 12-CV-225-JED-PJC
v. )
)
SOUTHWESTERN REGIONAL )
MEDICAL CENTER, INC., )
)
      Defendant. )

## OPINION AND ORDER

Before the Court is the defendant's Motion to Reconsider (Doc. 138). The defendant, Southwestern Regional Medical Center, Inc. (SRMC), requests that the Court reconsider its Opinion and Order on SRMC's motion for summary judgment because, according to SRMC, "the Court erred in (1) failing to determine whether it has subject matter jurisdiction over the plaintiff's ADA failure to accommodate claim; and (2) determining DeAnne Foley's April 14th email can be considered evidence of discrimination in the absence of any evidence that Ms. Foley was involved in or influenced Jay Foley's decision to terminate Plaintiff's employment." (Doc. 138 at 1).

SRMC moves under Fed. R. Civ. P. 54(b) and 59(e). Because Rule 59(e) contemplates a motion to alter or amend a "judgment," that Rule is inapplicable to the Court's interlocutory denial of a summary judgment motion. Fed. R. Civ. P. 59(e); *see Raytheon Constructors Inc. v. ASARCO, Inc.,* 368 F.3d 1214, 1217 (10th Cir. 2003) ("district court was incorrect to treat [the plaintiff's] motion for reconsideration [of an interlocutory order] under Rule 60(b), which only applies to final orders or judgments."). The Court will thus treat the motion to reconsider as a motion under Rule 54(b) and the Court's broad discretion to reconsider interlocutory orders. *See*

*id.*; *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir.2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."); *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir.2005) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

Regardless of which rule is applied, motions to reconsider are generally only proper where: (1) there has been "an intervening change in the controlling law"; (2) there is newly discovered evidence which was previously unavailable; or (3) it is necessary "to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. (citation omitted). The courts do not consider reconsideration an opportunity to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*. With these principles in mind, the Court will now address each of the two alleged errors asserted by SRMC.

1.      **Alleged Error Regarding Exhaustion of the Failure to Accommodate Claim.**

SRMC first asserts that the Court erred in failing to determine whether it has subject matter jurisdiction over the plaintiff's ADA failure to accommodate claim. (Doc. 138 at 1). This mischaracterizes the Court's rulings relating to the ADA failure to accommodate claim. As the Court noted in its order denying summary judgment, SRMC did not properly present its

exhaustion argument in its motion for summary judgment, but belatedly raised it in reply, such that plaintiff would not have an opportunity to respond:

> [T]hat argument was not fully developed in [SRMC's] initial motion, nor was it the subject of a separate proposition in its opening brief. (*See* Doc. 87). Rather, in a footnote, SRMC merely asserted that Holmes had not exhausted an accommodation claim based upon a failure to reduce her sales quotas. (*See* Doc. 87 at 37, fn. 10). Holmes has represented that she has no intention of presenting an accommodation claim based upon a failure to reduce her sales quotas. (*See* Doc. 116). SRMC did not argue for summary judgment based upon a failure to exhaust an accommodation claim based upon *interfering with medical leave* until SRMC filed its summary judgment reply brief. As noted above, the Court typically does not address issues raised for the first time in reply, as the other party has not had an opportunity to fully respond to those newly-raised issues. (*See* fn. 1 *supra*). Moreover, the exhaustion issues are the subject of a separate motion in limine filed by SRMC (Doc. 103), and the Court will address those issues in a separate order on that motion.

(Doc. 134 at 21, fn.2).

SRMC raised the exhaustion issue in a Motion in Limine (Doc. 103), requesting a pretrial ruling to prohibit plaintiff from mentioning her alleged request for FMLA leave because such claim was not administratively exhausted. (*Id.* at 1). The Court addressed SRMC's exhaustion argument in its order on that Motion in Limine. (*See* Doc. 135). There, the Court noted that the parties had submitted conflicting versions of the Charge of Discrimination in their summary judgment papers. Plaintiff submitted a version of the Charge of Discrimination, which included an attached letter from plaintiff, and the Court indicated that the letter provided sufficient information to prompt an investigation by the EEOC of plaintiff's failure to accommodate claim and thereby exhaust administrative remedies as to such a claim. (*See id.*). SRMC submitted the Charge of Discrimination without the letter attached. SRMC does not challenge the determination that the letter provided sufficient information to prompt an investigation by the EEOC. Thus, the only issue relating to exhaustion is whether that letter was, in fact, attached to the EEOC Charge when submitted. In its order, the Court also stated that it was "unable to

determine the exhaustion issue as presented by the parties, because it is unknown whether the [plaintiff's] August 31 letter was attached to and thus provided further information in support of her EEOC Charge at the time it was made." (*Id.* at 2). The Court reserved ruling, because the information provided by SRMC was insufficient to support its argument. (*Id.* at 3).

While SRMC is critical of the Court's handling of the exhaustion issue during the summary judgment stage, SRMC ignores the fact that its own summary judgment papers did not properly present the exhaustion issue. The *only* mention of exhaustion in SRMC's summary judgment motion was in footnote 10, at page 28 of its motion, and that sole reference to exhaustion involved reduction of sales quotas as an accommodation (which plaintiff does not dispute as to exhaustion), and did *not* include the argument SRMC now asserts that the Court should "reconsider." (*See* Doc. 87 at 37, fn. 10).

The Court completely understands its obligation to determine whether it has subject matter jurisdiction at all stages of the litigation and that the Court shall dismiss if it determines at any time that it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).[1] Yet, it should be

---

[1] The Supreme Court has held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). The Tenth Circuit, however, distinguishes between the timeliness of filing an EEOC charge (which does not implicate subject matter jurisdiction) and the filing of a charge at all (which is jurisdictional). *See, e.g., Montes v. Vail Clinic, Inc.,* 497 F.3d 1160, 1167 (10th Cir. 2007) ("While Title VII's mandatory time limit for filing charges with the EEOC is not a jurisdictional prerequisite (and is thus subject to waiver, estoppel, and tolling when equity requires), *see Zipes*, 455 U.S. at 393, 102 S. Ct. 1127, the obligation to demonstrate timeliness in filing a charge is a condition precedent to suit and thus a burden for plaintiffs to carry, *see Million v. Frank*, 47 F.3d 385, 389 (10th Cir.1995)."). Here, the parties do not dispute that plaintiff filed a timely charge. The parties disagree as to the scope of the claims covered in the charge, which depends upon whether the letter containing additional factual assertions was submitted with the charge.

obvious that the Court has to have sufficient information by which to determine that issue when it is raised by a defendant. For example, where a subject matter jurisdiction argument depends upon whether a claim was properly raised in a Charge of Discrimination, the Court is necessarily dependent upon the parties to notify the Court of the issue and provide evidence by way of the necessary documentation. As noted, SRMC did *not* present the issue in its motion. Instead, SRMC waited until reply to even mention that issue. (*See* Doc. 102 at 3). Even in its reply brief, it merely referred back to the copy of the Charge of Discrimination which it provided with its summary judgment motion. (*See id.* at 3, citing Doc. 87-16). In doing so, SRMC made no mention of the conflicting version of the Charge of Discrimination, with the letter attached, which plaintiff provided in her summary judgment response, even though that document was in the record at the time SRMC filed its reply and first raised that exhaustion issue. (*See id.*; *see* Doc. 96-26). In response to the motion to reconsider, the plaintiff again provided the Court a copy of the Charge of Discrimination, which included the plaintiff's August 31 letter to the EEOC, and represented that the letter was submitted as an attachment to her Charge of Discrimination. (*See* Doc. 139 at 4; Doc. 139-1).

The motion to reconsider the ruling on defendant's summary judgment motion as to the exhaustion issue is denied.

**2.     Alleged Error in Considering DeAnne Foley's Email**

In its motion to reconsider, SRMC further argues that "the Court should not have relied on an email sent on April 14, 2011, by DeAnne Foley...[,] an employee who was neither involved in nor influenced any decision at issue in this case.... The Court's reliance on Ms. Foley's email was in error because there is absolutely no evidence Ms. Foley was involved in or influenced Jay Foley's ... decision to terminate Plaintiff's employment." (Doc. 138 at 5-6). In

Response, plaintiff provided the Court with an excerpt of Jay Foley's deposition, in which Foley testified as follows:

> Q. (By Mr. Smolen) Sure. You identified between June of 2010 and August of 2011 that you terminated, you believed, three or less employees, including Ms. Holmes, correct?
>
> A. Yes.
>
> Q. And when you made that decision to terminate Ms. Holmes, did you work with someone from human resources regarding your decision to terminate?
>
> A. Yes.
>
> Q. Who did you work with?
>
> A. In which termination? Can you be more specific?
>
> Q. Ms. Holmes.
>
> A. DeAnne Foley and Wendy Whalen.
>
> Q. And what was Ms. Foley's position?
>
> A. I believe - - I don't know.

(Doc. 139-2 at 2).

In reply, SRMC argues that Jay Foley's testimony that he "work[ed] with [DeAnne Foley and Wendy Whalen] regarding [his] decision to terminate" is irrelevant and is simply "an unexplained remark," and that Jay Foley subsequently provided an affidavit in which he "unequivocally attested who was involved in the actual termination decision." (Doc. 140 at 5, citing Jay Foley Affidavit, Doc. 87-2, ¶¶ 6-8 [which indicates that Whelan suggested termination to Jay Foley and he made the decision to terminate]).[2]

---

[2] If Jay Foley's deposition testimony regarding the persons involved in the termination of plaintiff's employment was ambiguous, SRMC's counsel could have cross-examined at the deposition in order to clear up any confusion, but apparently did not do so.

SRMC's arguments on this issue are directly contradictory. In its opening brief, SRMC argues that the Court's reference to Ms. Foley's email to Falconetti "was in error *because there is absolutely no evidence Ms. Foley was involved in or influenced Jay Foley's ... decision to terminate Plaintiff's employment*." (Doc. 138 at 6; *see also id.* at 1 [arguing that the Court erred in referencing Ms. Foley's email "*in the absence of evidence that [she] was involved* in or influenced Jay Foley's decision to terminate Plaintiff's employment") (emphasis added). After plaintiff's response provided Jay Foley's deposition testimony, SRMC retreated from its principal argument that there was "absolutely no evidence" that Ms. Foley was involved, and instead asserted in its reply that "the relevant inquiry is **not** *whether Ms. Foley was involved in the termination of Plaintiff's employment*...." (Doc. 140 at 5) (emphasis added). Regardless of SRMC's shifting positions, it is clear that, as the record now stands, there *is* evidence that Ms. Foley had some involvement in the decision to terminate plaintiff's employment. Because the Court is not permitted at the summary judgment stage to weigh the evidence, a jury must determine the issues in the face of disputed facts. Both sides will be permitted to present evidence in support of their positions regarding the e-mail to the jury.

Moreover, in the summary judgment order, the Court rejected the argument that the e-mails exchanged between Ms. Foley and Ms. Falconetti were irrelevant, based upon the following reasoning:

> SRMC asserts that the April 2011 e-mail from DeAnne Foley to Annabelle Falconetti cannot be considered to show a discriminatory intent because DeAnne Foley was not a decision maker with respect to the termination of Holmes's employment. (Doc. 102 at 4-5). In addition, SRMC offers a different construction of the e-mail than Holmes presents, and SRMC asserts that it was not trying to prevent Holmes from seeking FMLA leave. (*See id.*). This factual dispute as to the meaning of the e-mail is for a jury to determine, because Holmes has offered a reasonable construction of the e-mail which, construed in her favor, is consistent with the face of the e-mail and generally supports her assertion of discriminatory intent. Moreover, SRMC's arguments in its reply briefing are

7

> dependent upon an affidavit provided by DeAnne Foley, which was presented for the first time in reply and to which Holmes thus had no opportunity to respond. In any event, the Court notes that, regardless of whether or not DeAnne Foley was involved in SRMC's decision to terminate Holmes's employment in July 2011, Falconetti, the OIS supervisor, was the recipient of that e-mail, and Whelan's July 2011 memorandum regarding termination indicates that Falconetti and Tom Foley were the SRMC employees who would be involved in the "final decision" to discharge Holmes. Also, while SRMC attempts to characterize the April e-mail as having nothing to do with Holmes's subsequent termination, that e-mail on its face expressly refers to "weigh[ing] the risks of termination ..." in the same context as references to FMLA options and absences from work. SRMC's proffered interpretation of that e-mail is certainly not "so one-sided that [SRMC] must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. Rather, the face of the document and the context surrounding it can be reasonably interpreted to support Holmes's construction.

(Doc. 134 at 19).

In short, the Court rejects SRMC's argument for reconsideration because there is, in fact, evidence (albeit SRMC disputes it) that Ms. Foley was "involved in" the decision to terminate plaintiff's employment. Jay Foley testified that he worked with her and Ms. Whelan in regards to the termination. In addition, a factfinder could infer from Ms. Foley's own statements in the e-mail that she was involved in "weigh[ing] the risks of termination due to quotas not being met" and was involved in "discussions about the FMLA" before Ms. Holmes was terminated. (*Id.* at 6). The email was directed to Ms. Falconetti, who was a supervisor of Ms. Holmes, in apparent follow up to prior discussions between Ms. Foley and Ms. Falconetti regarding Ms. Holmes and the FMLA. (*See id.* [referencing prior discussions: "before we have *further* discussions about the FMLA."]). There is also evidence from which it could be inferred that both Falconetti and Jay Foley were involved in the decision to terminate Ms. Holmes, and Falconetti was included in the email exchange with Ms. Foley. Accordingly, the motion to reconsider relating to the DeAnne Foley email is denied.

3. **Conclusion**

SRMC has not provided a basis for reconsideration. It has not shown any intervening change in the law, any newly discovered evidence, that reconsideration is necessary to correct clear error or prevent manifest injustice, or that the Court misapprehended the facts, SRMC's position, or the controlling law. *See Servants of Paraclete*, 204 F.3d at 1012. The motion to reconsider (Doc. 138) is therefore **denied**.

SO ORDERED this 23rd day of February, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE